William M. Fischbach (Arizona Bar No. 019769)

**TB** **TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE:  (602) 255-0103
Email:  wmf@tblaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Garza and Kevin Terrell, individually and on behalf of all persons similarly situated, | Case No. _____ |
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF:** |
| v. | • Arizona Revised Unclaimed Property Act;<br>• Fiduciary Duty;<br>• 42 USC § 1983;<br>• Procedural Due Process;<br>• 5th and 14th Amendments of the United States Constitution. |
| Rob Woods, in his individual and official capacities as Director of Arizona Department of Revenue, | |
| Defendants. | **CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Jessica Garza and Kevin Terrell, individually and on behalf of all persons similarly situated, for their Complaint against Defendant Rob Woods, in his individual and official capacities as Director of Arizona Department of Revenue, allege:

### PRELIMINARY STATEMENT

1.     This action is brought under 42 U.S.C. § 1983 for declaratory relief, preliminary and permanent injunctive relief, an accounting and other relief based on Defendant's unconstitutional and unlawful conduct acting *ultra vires* in his individual and official capacities under color of state law. Plaintiffs and putative class members have had their property seized without notice, sometimes sold, and generally mishandled by the custodial Defendant.

2.      Defendant has misused a set of laws designed to reunite people with their property (Arizona Revised Statute Title 44, Chapter 3), known as the Arizona Revised Unclaimed Property Act ("UPA"), to instead take private property from people and businesses without meeting the basic threshold requirements for escheatment because they have not "abandoned" or "unclaimed" their property. Moreover, Defendant has perpetrated his misuse of the UPA without the requisite notice and due process of law. This property includes, but is not limited to cash, money, uncashed checks, drafts, state warrants, uncashed payroll checks, interest, dividends or income, savings and checking accounts, safe deposit box contents, credit balances, customer overpayments, unidentified remittances, securities, and other tangible and real property.

3.      Defendant's actions in taking possession of private property without adequate notice to Plaintiffs and putative class members, and then selling property without notice to the property owners, or without their consent, violates the express provisions of the UPA, the Arizona Constitution, Article 2, Section 4, and the United States Constitution, including the Contract Clause of Article I, Section 10, and the Fourth, Fifth, and Fourteenth Amendments, the latter of which states that no state shall "deprive any person of life, liberty, or property without due process of law." These policy decisions and actions directly caused the injury described herein that was inflicted on the Plaintiffs and putative class members.

4.      Defendant acted intentionally to generate revenue for the State, but these funds were neither authorized tax levies nor funds rightfully belonging to the State. Instead, Defendant abdicated his duty to return this property to its rightful owners.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343. This action arises under the right to be free from unreasonable seizures in the Fourth Amendment, the Takings Clause of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Contract Clause of Article I, section 10, of the United States Constitution arising from Defendant's' actions as

custodians of the Arizona State General Fund, which contains private property known as "unclaimed property funds."

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district in that each of the Plaintiffs had their property seized in this district.

**PARTIES**

**A.      Plaintiffs**

7.      Ms. Garza lived in Glendale, Arizona from 2008 through 2016 at the same address listed on the ADOR's unclaimed property search website. In 2022, Ms. Garza learned (through her own efforts), that the Arizona Department of Revenue ("ADOR") had seized her private property without notice, her knowledge, or consent. Ms. Garza never received any notice from the ADOR's Office, the Holder, or anyone else, that they would take custody and control of her personal property.

8.      Defendant has failed to identify both the type and amount of Ms. Garza's property, as reflected in the screenshot below of the website hosted by the ADOR.

| | Name | Held In | Last Address |
|---|---|---|---|
| Claim | JESSICA GARZA | AZ | 5426 N 80TH DRIVE GLENDALE, AZ 85303 |
| Reported By: Not disclosed | | | |
| Amount: Unknown | | | |

9.      Plaintiff Kevin Terrell resides in Maricopa County, Arizona. Mr. Terrell has lived at the same residence in Phoenix, Arizona from January 2016 to present. In 2022, Mr. Terrell learned (through his own efforts) that the ADOR had seized his private property without notice, his knowledge, or consent. Mr. Terrell never received any notice from the ADOR's Office, the Holder, or anyone else, that they would take custody and control of his personal property.

10.     Defendant has failed to identify both the property type and amount of Mr. Terrell's property, as reflected in the screenshot of the ADOR's website, below:

| | Name ↑ | Held In | Last Address | Reported By | Amount |
|---|---|---|---|---|---|
| Claim | KEVIN S TERRELL | AZ | 555 W UNIVERSITY DR STE 8-W MESA, AZ 85201 | Not disclosed | Unknown |
| Claim | KEVIN TERRELL | AZ | 1295 W MACAW DR CHANDLER, AZ 85248 | Not disclosed | Unknown |
| Claim | KEVIN TERRELL | AZ | 4834 W WALTANN LANE GLENDALE, AZ 85306 | Not disclosed | Unknown |
| Claim | KEVIN TERRELL | AZ | 555 W UNIVERSITY DR #8 MESA, AZ 85201 | Not disclosed | Unknown |
| Claim | KEVIN TERRELL | AZ | 1841 W LARK DR CHANDLER, AZ 85286 | Not disclosed | Unknown |

**B.     Defendants**

11.     Defendant Rob Woods ("Defendant") was appointed in March 2021 as Director of the ADOR and currently holds that position. He is sued in his individual and official capacities. Defendant Woods served as the Interim Director of the ADOR from December 2020 to March 2021.

12.     Defendant is custodian and administrator of over $1.8 billion in unclaimed property funds currently held in trust by the ADOR, which belong to citizens who reside, or have resided, in the State of Arizona. Defendant is responsible for securing property and funds maintained in the State of Arizona. Defendant has failed to ensure that the ADOR and the Director of Unclaimed Property have complied with the notice requirements of Arizona Revised Statutes Title 44, Chapter 3 and the Arizona and United States Constitutions before taking citizens' personal and real property. Defendant, absent legal action from the Court, will not stop his wrongful and unconstitutional acts described herein.

13.     To the extent required, Plaintiffs timely served a notice of claim under A.R.S. § 12-821.01 on Defendant on April 5, 2022. *See* **Exhibit A**.

# FACTUAL BACKGROUND

## A.    Defendants Misused the Unclaimed Property Fund to Satisfy Budget Shortfalls

14.    As the Director of ADOR, Defendant is Arizona's chief revenue officer who performs many functions important to the state budget. In addition to these duties, Defendant is responsible for collecting state taxes, tracking all of Arizona's revenue and spending funds, and ensuring that state agencies stay within their budgets. Defendant is a member of the Arizona Governor's Cabinet and reports directly to the Governor.

15.    Defendant is disregarding the requirements of the UPA so he can seize private property from citizens, use it to generate interest income for the State, and then convert it for use as revenue for the State. First, the ADOR uses the enforcement provisions of the UPA (*see* A.R.S. §§ 42-1004, 44-310, 44-324, 44-326, 44-332) to unlawfully permit and even coerce financial institutions, businesses, and nonprofits, etc. to surrender Plaintiffs' and putative class members' private property to the ADOR. With respect to the property that is the subject of this action, Defendant failed to provide constitutionally-adequate notice before transfer of the private property by the Holders to COT.

16.    Defendant violated the notice requirements of the Arizona Constitution, Article 2, Section 4, and the Contract Clause of Article I, Section 10, and the Fourth Fifth, and Fourteenth Amendments of the United States Constitution by failing to provide property owners reasonable notice that ADOR intends to take custody of their property prior to seizure. Specifically, the UPA does not require the ADOR to provide any notice to property owners before their property transfers but requires only that ADOR publish notice of already transferred property "semi-annually" in a newspaper of "general circulation" in each county after the property has already escheated to the ADOR. (*See* A.R.S. § 44-309.) Moreover, the UPA does not require either the ADOR or Holders to provide any form of "notice" to a property owner for any property valued at under $50. (*See* A.R.S. § 44-301, 44-307 & 44-309.) This violates the "notice"

requirements afforded under the Arizona Constitution, Article 2, Section 4, and the United States Constitution, including the Contract Clause of Article I, Section 10, and the Fourth, Fifth, and Fourteenth Amendments.

17.   "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[1] This may include an obligation, upon learning that an attempt at notice has failed, to take "reasonable follow-up measures."[2] Additionally, notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest.[3] Ordinarily, service of the notice must be reasonably structured to assure that the person to whom it is directed receives it.[4] Thus, when Defendant liquidates and transfers private property into the General Revenue Fund without Constitutionally-adequate notice, Defendant effects a government taking and deprivation of due process.

18.   Defendant, in many instances, unlawfully sells unclaimed property (*see* A.R.S. § 44-312) and deposits the proceeds into the General Revenue Fund, again in violation of the procedural requirements of the UPA (A.R.S. § 44-317), Arizona Constitution, Article 2, Section 4, and the United States Constitution, including the Contract Clause of Article I, Section 10, and the Fourth, Fifth, and Fourteenth Amendments.

---

[1] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Richards v. Jefferson Cty.*, 517 U.S. 793 (1996) (lack of notice may negate res judicata).

[2] *Jones v. Flowers*, 547 U.S. 220, 235 (2006) (state's certified letter to property owner that his property would be sold unless he satisfied a tax delinquency was returned "unclaimed"; state should have taken additional reasonable steps to give notice to property owner).

[3] *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970).

[4] *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965); *Robinson v. Hanrahan*, 409 U.S. 38 (1974); *Greene v. Lindsey*, 456 U.S. 444 (1982).

19.     Defendant breached his fiduciary duties to the private property owners as custodian of their property by failing to render an accounting and otherwise mishandling the private property. (*See* A.R.S. § 42-1003; A.R.S. § 44-309)

20.     Defendant wrongfully commingles Plaintiffs' and Class Members' private property with the General Revenue Fund. After comingling, the proceeds are used to supplement the State's budget, and to pay general State debts despite telling the public that the "purpose of the Unclaimed Property Unit is to efficiently and effectively collect, safeguard, and distribute unclaimed property to the rightful owners through prompt and courteous service, and to provide education to the public and holders about Unclaimed Property Laws." (ADOR website: https://azdor.gov/unclaimed-property.)

21.     The UPA provides that "[t]he state assumes custody and responsibility for the safekeeping of the property." (A.R.S. § 44-310.) Despite this safekeeping obligation, Defendant is wrongfully commingling the Unclaimed Property Funds with the State's General Revenue Fund and Appropriated Revenue Fund (*see* A.R.S. § 44-313; Arizona State Budget Report 2021), without reasonable notice (1) before taking citizens' property, and (2) after taking possession of citizen's property, which, Plaintiffs assert, place the private property beyond the reach of its rightful owners. These commingled funds, under the UPA, are appropriated by the State for Mentally Ill Housing Trust, Housing Trust Fund, Department of Revenue Administration Fund, Permanent State School Fund, Victim Compensation and Assistance Fund. (*See* A.R.S. § 44-313). Yet, the ADOR, by statute, only reserves $100,000 to pay out claims for unclaimed property. (*See* A.R.S. § 44-313). Therefore, the ADOR is not keeping custody of the abandoned property in trust for 35 years as stated in the UPA. (*See* A.R.S. § 44-313.) Instead, once seized by the State, the ADOR unlawfully converts the private property to the State.

22.     The ADOR has no authority, whatsoever, either under the UPA or any other legitimate delegation of power, to undertake any part of the scheme alleged in this Complaint.

**B.    Defendants' Actions Were Ultra Vires and Violated the Constitution**

23.    Defendant acted *ultra vires* and failed to uphold the law in the following manner:

a.    Defendant failed to provide notice and due process of law as required by A.R.S. §§ 44-302, 44-307 and 44-309 and the Arizona and United States Constitutions, which resulted in the unconstitutional taking of property by Defendant and a deprivation of Plaintiffs' clearly-established due process rights. Defendant acted willfully and explicitly violated A.R.S. §§ 44-302, 44-307, 44-309, and 44-312. Defendant was responsible for ensuring reasonable notice to the public in the form of direct mail notice to known property owners and publication notices to others. (*See, e.g.,* A.R.S. §§ 44-302, 44-307 & 44-309.) Defendant knowingly disregarded these duties, causing Plaintiffs' injuries.

b.    Defendant commingled private funds held in the Unclaimed Property Fund with public funds held in the non-dedicated portion of the General Revenue Fund, which serves as the State's primary operating fund. The State, by and through Defendant, made expenditures from the General Revenue Fund without waiting for the UPA required vesting period. (*See* A.R.S. § 44-317.)

c.    ADOR's records reveal that Defendant accepts unclaimed property from Holders with an "unknown" or "unidentified" name—even if the property would be expected to have an owner name—for property such as payroll checks, savings accounts, and safe deposit boxes. Plaintiffs assert that, on information and belief, Defendant colludes with certain companies and financial institutions to retain property, funds, and gain interest that rightfully belong to the citizens of Arizona pursuant to the UPA (*see* A.R.S. §§ 44-310 & 44-314) and other laws, and Defendant provided active assistance to, and engaged in collusion with, the regulated entities in violation of the law. Financial institution Holders who list themselves as property "owners" for escheated property, and/or their own corporate address, then file a claim with the

ADOR, after a period of time, to have the respective funds/property returned to the financial institutions themselves. Examples from certain financial institutions are below:

Charles Schwab:

| | Name ↑ | | Held In   Last Address | Reported By | Amount |
|---|---|---|---|---|---|
| Claim | CHARLES SCHWAB | AZ | P O BOX 52013 PHOENIX, AZ 85072 | Not disclosed | Unknown |
| Claim | CHARLES SCHWAB | AZ | PO BOX 52013 PHOENIX, AZ 85072 | Not disclosed | Unknown |
| Claim | CHARLES SCHWAB | AZ | PO BOX 52013 PHOENIX, AZ 85072 | Not disclosed | Unknown |
| Claim | CHARLES SCHWAB | AZ | ATTN SECURITIES OPERATIONS 2423 E LINCOLN DR PHOENIX, AZ 85016 | Not disclosed | Unknown |

Wells Fargo:

| | Name ↑ | | Held In   Last Address | Reported By | Amount |
|---|---|---|---|---|---|
| Claim | BANK WELLS FARGO | AZ | 1200 CONCORD AVE STE PHOENIX, AZ 85041 | Not disclosed | Unknown |
| Claim | BANK WELLS FARGO | AZ | 301 WEST WARNER RD TEMPE, AZ 85284 | Not disclosed | Unknown |
| Claim | BANK WELLS FARGO NA | AZ | 301 WEST WARNER ROAD TEMPE, AZ 85284 | Not disclosed | Unknown |
| Claim | C O WELLS FARGO BANK NA | AZ | PO BOX 2963 PHOENIX, AZ 85062 | Not disclosed | Unknown |

Bank of America:

| | Name ↑ | | Held In   Last Address | Reported By | Amount |
|---|---|---|---|---|---|
| Claim | BANK OF AMERICA | AZ | | Not disclosed | Unknown |
| Claim | BANK OF AMERICA | AZ | | Not disclosed | Unknown |
| Claim | BANK OF AMERICA | AZ | | Not disclosed | Unknown |
| Claim | BANK OF AMERICA | AZ | | Not disclosed | Unknown |

JP Morgan Chase:

| | Name ↑ | Held In | Last Address | Reported By | Amount |
|---|---|---|---|---|---|
| Claim | J.P MORGAN CHASE | AZ | AZ | Not disclosed | Unknown |
| Claim | JP MORGAN CHASE | AZ | | Not disclosed | Unknown |
| Claim | JP CHASE MORGAN BANK | AZ | PO BOX 29214 PHOENIX, AZ 85038 | Not disclosed | Unknown |
| Claim | JP CHASE MORGAN BANK | AZ | PO BOX 29214 PHOENIX, AZ 85038 | Not disclosed | Unknown |

Morgan Stanley:

| | Name ↑ | Held In | Last Address | Reported By | Amount |
|---|---|---|---|---|---|
| Claim | MORGAN STANLEY BARNEY | AZ | 14850 N SCOTTSDALE RD STE 6 SCOTTSDALE, AZ 85254 | Not disclosed | Unknown |
| Claim | MORGAN STANLEY BARNEY | AZ | 14850 N SCOTTSDALE RD STE 6 SCOTTSDALE, AZ 85254 | Not disclosed | Unknown |
| Claim | MORGAN STANLEY BARNEY | AZ | 14850 N SCOTTSDALE RD STE 6 SCOTTSDALE, AZ 85254 | Not disclosed | Unknown |
| Claim | MORGAN STANLEY BARNEY | AZ | 14850 N SCOTTSDALE RD STE 6 SCOTTSDALE, AZ 85254 | Not disclosed | Unknown |

Edward Jones:

| | Name | Held In | Last Address | Reported By | Amount |
|---|---|---|---|---|---|
| Claim | EDWARD D JONES CUSTODIAN | AZ | 8640 S RIVER PARKWAY TEMPE, AZ 85284 | Not disclosed | Unknown |
| Claim | EDWARD D JONES CUSTODIAN | AZ | 8640 S RIVER PARKWAY TEMPE, AZ 85284 | Not disclosed | Unknown |
| Claim | EDWARD D JONES CUSTODIAN | AZ | 8640 S RIVER PARKWAY TEMPE, AZ 85284 | Not disclosed | Unknown |
| Claim | EDWARD D JONES CUSTODIAN | AZ | 8640 S RIVER PARKWAY TEMPE, AZ 85284 | Not disclosed | Unknown |
| Claim | EDWARD D JONES CUSTODIAN | AZ | 8640 S RIVER PARKWAY TEMPE, AZ 85284 | Not disclosed | Unknown |

On information and belief, until the financial institutions' claims are processed, and the property transferred to the financial institutions, the State of Arizona collects interest that accrues from these funds in the General Revenue Fund. (*See, e.g.,* A.R.S. § 44-314.) This failure to allow rightful property owners to reclaim these "unclaimed" funds, with interest, directly caused and continues to cause the injury alleged by Plaintiffs and putative class members.

   d.  Defendants failed, and continue to fail, to provide the Constitutional and statutorily required notices before taking personal property from Plaintiffs and putative class members. The practical effect of Defendants' failure to provide adequate notice and obfuscating the property's, and property owner's, identification and location, description, and amount of private property, means that—for all practical purposes—ownership of Plaintiffs' and putative class members' property will likely permanently and wrongfully vest to the State or Holder.

   e.  Defendants continue to seize, sell, and destroy the contents of private bank safety deposit boxes and securities/investment vehicles without notice to

the owners in violation of the Fourth and Fourteenth Amendments. (*See* A.R.S. § 44-307.)

24.     In summary, the Arizona and Federal Constitutions, and the UPA, do not permit the seizure or sale of private property for public use without adequate notice and Due Process of Law. The fact that Defendant subsequently sells the unlawfully seized property, commingles the funds with other accounts in the General Revenue Fund, and then uses those funds to generate interest and revenue for the State of Arizona does not sanitize the process. (*See* A.R.S. §§ 44-313, 44-314 and FY 2021 Arizona Executive Budget and Arizona Executive Budget Summary.)

25.     Likewise, the fact that some of the unconstitutional conduct described above may have originated in an earlier administration does not relieve Defendant of his obligation to enforce the law nor does it relieve Defendant of liability for his own wrongdoing.

### C.     Defendants Knowingly Violated Their Constitutional Duties

26.     Defendant swore a binding oath to uphold the Arizona and United States Constitutions. Instead, Defendant violated, and continues to violate, this oath by taking and selling private property without notice and due process of law, and allowing Holders to retain Plaintiffs' and putative class members' funds. (*See* A.R.S. § 38-231.) Defendant's actions give rise to personal liability. Specifically, Defendant's conduct violated the Arizona Constitution, Article 2, Section 4, and the United States Constitution, Article I, Fourth, Fifth and Fourteenth Amendments, the latter of which provides that *no state* shall "deprive *any person* of life, liberty, or *property* without due process of law," and the Contract Clause of Article I, Section 10. This conduct directly caused the injury alleged by the Plaintiffs and putative class members in this action.

### D.     Unclaimed Property Law (UPA), Arizona Revised Statutes Title 44

27.     Defendant has violated and continues to violate the UPA by confiscating the private property of *known* owners, without adequate notice, and selling their private property without their knowledge.

### 1. Defendants Failed to Satisfy the Threshold Requirements of the UPA

28.     The ADOR website states, "The purpose of the Unclaimed Property Unit is to efficiently and effectively collect, safeguard, and distribute unclaimed property to the rightful owners through prompt and courteous service, and to provide education to the public and holders about Unclaimed Property Laws." (ADOR website: https://azdor.gov/unclaimed-property.)

29.     Defendant is charged with the responsibility to uphold the UPA and protect the public from its misapplication. At all times Plaintiffs' identities and locations were known or should have been known, by Defendant through reasonable due diligence. Defendant failed to carry out his statutory obligations to police the Holders (*see* A.R.S. §§ 44-324 & 44-326) and to require them to notify the property owner before seizure as required by the UPA (*see* A.R.S. §§ 44-304 & 44-307), in addition to carrying out the ADOR's own notice obligations under the State and Federal Constitutions and A.R.S. § 44-309.

30.     As evidence of this fact, all three named Plaintiffs have never received mail notice, at their current addresses, from the ADOR or the Holders, before the unlawful taking of their private property, though their identities were known to the Holders at the time Plaintiffs' property was taken.

31.     The UPA, in effect, has become a tool for some Holders (companies and financial institutions) to divorce themselves from unwanted account holders, which results in reduced administrative costs, increased retained earnings, and increased control, and even unlawful conversion of citizens property, among other advantages for the Holders and ADOR.

### 2. Defendants Failed to Provide Statutory Notice.

32.     Defendant, under A.R.S. §§ 44-302, 44-307 and 44-309 was expressly required to provide adequate notice to the Plaintiffs through publication of notice to unknown property owners and through direct mail to known property owners, consistent with Constitutional principles. Defendant, however, never provided adequate notice. In

fact, the only notice provided by Defendant to Plaintiffs and putative class members was only after the property was taken, on the ADOR's website.

33.   UPA § 44-307 (Required Notice by Holder) provides that the Holder of a person's property shall provide written notice to the owner, 120 days before transferring the property to the ADOR, to the owner's last known address, stating the Holder has the property and that the property is subject to escheat to the ADOR if not claimed.

34.   UPA § 44-309 (Required Notice by ADOR)—requires that notice to property owners be provided by the State as follows:

> The department shall cause the notice to be published in a newspaper of general circulation in each county. The department shall also cause the notice to either be published on social media or broadcast on radio or published or broadcast by any other means that in the judgment of the department is likely to attract the attention of the apparent owner of the unclaimed property. The department's website shall contain all of the following information not later than November 30 of the year after the year in which abandoned property has been paid or delivered to the department:
>
> 1.   The name of each person that appears to be the owner of the property as stated in the report filed by the holder.
>
> 2.   The last known address or location of each person that appears to be the owner of the property, if an address or location is stated in the report filed by the holder.
>
> 3.   A statement that explains that the property of the owner is presumed abandoned and is in the protective custody of the department.
>
> 4.   A statement that on request to the department information about the property and its return to the owner is available to a person who has a legal or beneficial interest in the property.

35.   UPA § 44-312 (Notice of Property Sale by ADOR) requires that ADOR:

> "Before conducting a sale pursuant to this section, the department shall cause a notice to be published at least three weeks before the sale in a newspaper of general circulation in the county in which the sale will occur."

36.   Defendant failed to provide the constitutional forms of notice by publication and/or direct mail as required by Title 44 of the UPA. ADOR's website, for example, is constitutionally deficient for adequate notice as a matter of law and does not

satisfy the UPA or the Due Process requirements of the United States and Arizona Constitutions. Defendant was fully aware of these facts at the time he failed to provide adequate constitutional notice.

37.     Defendant Woods (in his official capacity as Arizona Department of Revenue Director) is the custodian of property that was seized and sold *ultra vires* of his statutory authority and without notice, and placed into Arizona's General State Fund, maintained and managed (as authorized by Arizona statute) by the Arizona Department of Revenue. (*See* A.R.S. § 44-310.)

38.     Defendant failed to exercise due care, acted arbitrarily and capriciously, and *ultra vires* of his statutory authority, and in doing so violated various statutes and laws, as well as fundamental federal and state constitutional rights, including Plaintiffs' rights.

## CLASS ALLEGATIONS

39.     Plaintiffs bring this case on behalf of themselves and all other individuals similarly situated under Federal Rule of Civil Procedure 23(b)(1)(A), (b)(2), and (b)(3).

40.     The proposed Class is defined as:

> All persons or entities who did not receive actual notice before their property was taken by the State of Arizona between August 4, 2018 and present.

41.     The number, identity, and location of persons in the proposed Class is unknown at this time but based on Defendant's own records, including the ADOR's website, the number of persons in the proposed class is estimated to be over 100,000 people. These people are dispersed throughout Arizona and the world. Those persons in the Class are therefore so numerous that joinder of the entire proposed Class is impractical for purposes of Rule 23(a)(1).

42.     There are questions of law and fact common to all putative class members for purposes of Rule 23(a)(2), including but not limited to whether Defendant violated, and continues to violate, the constitutional Due Process of Law notice requirement of the Fourteenth Amendment, performs unlawful seizures of private property under the Fourth

Amendment, performs unlawful Takings under the Fifth Amendment, and unlawfully deprives putative class members of private property without Due Process of Law under Article 2, Section 4 of the Arizona Constitution when Defendant takes and/or sells proposed Class Member's private property on behalf of the ADOR.

43. Plaintiffs' claims are typical of those of the putative class members for purposes of Rule 23(a)(3), who are subject to the same deprivations of their rights and misapplication of the law by Defendant. There is a well-defined community of interest in the questions of law and facts involved in this case.

44. Plaintiffs and their counsel will adequately represent the putative class members' interests for purposes of Rule 23(a)(4). Plaintiffs have no interests relevant to the lawsuit's subject matter that are antagonistic to the putative class members. Their attorneys are highly experienced in complex, class action litigation.

45. Because Defendant's duties to comply with the Constitution applies equally to all in the putative Class, the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant, thus satisfying Rule 23(b)(1)(A).

46. Defendant's actions and threatened actions are depriving and will continually deprive Plaintiffs and putative class members of their Constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief regarding the proposed Class as a whole under Rule 23(b)(2).

47. The issues and questions of fact and law that are common to the putative class members predominate over questions that may affect individual members and a class action is superior to other available methods for the fair and efficient adjudication of this controversy for purposes of Rule 23(b)(3).

## COUNT I
## DECLARATORY RELIEF

48.     Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

49.     A real and actual controversy exists between Plaintiffs and Defendant concerning Defendant's duties under the various statutes and laws that define his duties. Specifically, Plaintiffs seek a declaration that Defendant:

    a.  failed to provide notice and satisfy due process requirements under the provisions of Arizona Revised Statute § 44-307, and the Arizona and United States Constitutions, which resulted in the unconstitutional taking of personal property by the Defendant;

    b.  allowed Holders to retain property and funds that rightfully belong to the citizens of Arizona under the UPA and other laws and provided active assistance to and engaged in collusion with the regulated entities in violation of the law and at taxpayer expense;

    c.  seized, sold, and destroyed, without notice to the owners - in violation of U.S. Constitution, Fourth Amendment (Right to Privacy), Fifth Amendment (Private Property) and Fourteenth Amendment (Due Process) and Arizona Constitution, Article 2, Section 4 (Due Process) - the contents of private bank safety deposit boxes;

    d.  failed to fulfill obligations to enforce that the corporations fulfilled their obligations under A.R.S. § 44-307 and in all other ways complied with the UPA;

    e.  acted ultra vires by failing to provide notice and satisfy due process requirements under the UPA and the Arizona and United States Constitutions, which resulted in the unconstitutional taking of private property by Defendant.

50.     The dispute between Plaintiffs and Defendant is actual and concrete, and involves a significant financial burden unilaterally imposed on Plaintiffs and the putative class based on the loss of their property.

### COUNT II
### VIOLATION OF 42 U.S.C. § 1983 (PROCEDURAL DUE PROCESS)

51.     Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

52.     The Due Process Clauses of the United States and Arizona Constitutions prohibits Defendant from depriving citizens of protected property interests without due process of law. A determination of the rights and duties of the parties is necessary and proper at this time in order that Plaintiffs may ascertain their rights and establish, as a matter of law, that Defendant has violated his obligations and duties under the above laws such that Plaintiffs and Class Members are entitled to the disgorgement and return of either their property or the reasonable value thereof.

53.     Plaintiffs and putative class members have constitutionally protected property interests in their private property that they own but, nevertheless, it was transferred to the State of Arizona.

54.     Defendant deprived Plaintiffs and potential Class Members of their constitutionally protected property interest by seizing, and sometimes selling, property of Plaintiffs and putative class members without adequate notice as required by statute and federal and state Constitutional due process of law, ultra vires of his statutory authority.

55.     Defendant's failure to comply with the requirements of the Due Process Clauses of the United States and Arizona Constitutions, as applied, in the manners alleged above, has resulted in substantial monetary losses to Plaintiffs and Class Members.

56.     Based on the foregoing, Plaintiffs and all similarly situated persons are entitled to the return of the proper value of the deprivation of their property rights,

including all principal and interest, from the Arizona State General Fund, which was denied to them because of Defendant's violation of the Due Process of Law rights guaranteed by the Arizona and United States Constitutions, as applied to the Arizona UPA.

57.     Plaintiffs are entitled to an injunction barring Defendant's violations of their due process rights and providing for restitution as incidental and ancillary relief.

**COUNT III**
**VIOLATION OF 42 U.S.C. § 1983 (TAKINGS CLAUSE)**

58.     Plaintiffs incorporate the allegations set forth above as if fully set forth herein.

59.     The Takings Clause of the United States Constitution prohibits the State of Arizona from taking private property for public use without just compensation.

60.     As set forth more fully above, Defendant has unlawfully taken control of and liquidated the property of Plaintiffs and putative class members without the notice required by statute and federal and state Constitutional Due Process, *ultra vires* of his statutory authority.

61.     To the extent that Plaintiffs' property remained held in the Arizona State General Fund, Plaintiffs seek restitution of the proper value of their property. To the extent that Plaintiffs' property was converted to public use, Plaintiffs are entitled to just compensation for their property. Specifically, Plaintiffs' property should be valued according to the applicable principles of law for reimbursement purposes.

62.     Based on the foregoing, Plaintiffs are entitled to and hereby seek restitution and just compensation for the property seized for public use as a result of Defendant's violations of the Takings Clause of the United States Constitution, in either Defendant's official or personal capacities.

63.     Plaintiffs are also entitled to an injunction barring the Defendant's violations of their rights to be free from unconstitutional takings and providing for restitution as incidental and ancillary relief under that injunction.

1

## COUNT IV
## ACCOUNTING

2

64.     Plaintiffs incorporate the allegations set forth above as if fully set forth

3

herein.

4

65.     Defendant never provided Plaintiffs or putative class members notice of

5

the true state of affairs and that the ADOR had taken possession of their property.

6

Defendant does not enforce the UPA and has acted arbitrarily and capriciously, ultra

7

vires of his statutory authority.

8

66.     The total amount of the Plaintiffs' injuries, which includes not only

9

improperly seized property that may or may not have been sold, also includes other

10

investments and property rights, such as dividends and interest wrongfully taken by the

11

state, the proper calculation of principal and interest, and the unnecessary fees, costs,

12

and taxes, cannot be ascertained without an accounting for such property, which

13

Plaintiffs seek.

14

67.     Plaintiffs are also entitled to an injunction providing for restitution as

15

incidental and ancillary relief as determined by the accounting requested in this claim.

16

## COUNT VI
## BREACH OF FIDUCIARY DUTY

17

18

68.     Defendant is legally required to safeguard Plaintiffs and the putative

19

class's property. (See A.R.S. § 44-310; ADOR website - https://azdor.gov/unclaimed-

20

property.)

21

69.     Defendant is legally required to hold Plaintiffs' property on behalf of

22

Plaintiffs and the class and to not commingle Plaintiffs' property with Defendant's

23

operating accounts.

24

70.     By accepting his position and promising to follow the Arizona and United

25

States Constitutions, Defendant agreed to act for the benefit of Plaintiffs and the class.

26

Instead, Defendant acted for his own benefit and the benefit of other third parties.

27

71.     Defendant may only take and escheat Plaintiffs' property under certain

28

express conditions. Defendant, however, has taken Plaintiffs' property without meeting

these conditions, in direct violation of his fiduciary duty to safeguard Plaintiffs' property.

72.     Defendant's failure to properly safeguard Plaintiffs' property violated his fiduciary duty: to not engage in self-dealing, to deal fairly and honestly, of good faith and loyalty, to act with strict integrity, of full disclosure, to act with candor.

73.     These breaches of duty both harmed Plaintiff and benefitted Defendant, in the amount of property improperly taken, plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.     For the restitution of the value of Plaintiffs' property from the Arizona State General Fund in a sum according to proof at the time of trial;

2.     For declarations that Defendant:

    a.     Failed to provide notice and due process pursuant to the provisions of Arizona Revised Statute § 44-307 and the Arizona and United States Constitutions, which resulted in the unconstitutional taking of private property by the Defendant state official;

    b.     Commingled unclaimed property funds with public funds held in the Arizona State General Fund;

    c.     Allowed certain companies and financial institutions to retain property and funds that rightfully belong to the citizens of Arizona pursuant to the UPA and other laws and provided active assistance to and engaged in collusion with the regulated entities in violation of the law and at taxpayer expense;

    d.     Seized, sold, and destroyed without notice to the owners in violation of the Fourth Amendment (Right to Privacy), Fifth Amendment (Private Property) and Fourteenth Amendment (Due Process), the contents of private bank safety deposit boxes, which contained such

items as original testamentary instruments (e.g., wills and trusts), insurance policies, etc.

    e.    Failed to fulfill obligations to verify that the Holders fulfilled their obligations under Arizona Revised Statute § 44-307, and in all other ways complied with the UPA.

3.    To the extent that private funds have been converted to public use, restitution of such funds, or damages equal to the value of the private property taken for public use, in any case in a sum according to proof at the time of trial;

4.    General and special damages from the Defendant, in his individual capacity, in a sum according to proof at the time of trial;

5.    For punitive and exemplary damages in an amount appropriate to punish and set an example of Defendant in his individual capacity;

6.    For equitable and injunctive relief as determined by this Court, including but not limited to, imposition of a constructive trust over an accounting of any and all transactions allegedly unlawfully entered into by Defendant without the appropriate notification of the public;

7.    A permanent injunction restraining Defendant from engaging in the following:

    a.    Failing to provide notice and due process pursuant to, and in the form required by, the provisions of Arizona Revised Statute § 44-307 of the UPA;

    b.    Failing to pay interest in accordance with the UPA and applicable law;

    c.    Improperly commingling unclaimed property funds with public funds held in the Arizona State General Fund;

    d.    Allowing any known company or financial institution to retain property and funds that are subject to escheat or transfer pursuant to the UPA;

e.  Shredding, altering, or destroying any documents necessary to determine the identity of any owner of property held by the ADOR pursuant to the UPA;

f.  Destroying or altering original testamentary instruments (*e.g.*, wills and trusts), insurance policies, and personal correspondence escheated or transferred to the ADOR's custody;

g.  Accepting any escheated property from any holder without verification that the holders properly fulfilled their obligations under Code of Civil Procedure Arizona Revised Statute § 44-307, and in all other ways complied with the UPA.

h.  Prohibiting future unlawful and/or improper transactions, as alleged in this Complaint;

i.  Plaintiffs and putative class members have no plain, adequate, or speedy remedy at law, and will suffer significant, permanent, and irreparable harm unless the Court issues preliminary and permanent injunctive relief ordering Defendant to comply with the law, as set forth above, and to return Plaintiffs' property and the Property belonging to the potential Class Members.

j.  Plaintiffs accordingly seek an injunction (1) compelling the Defendant to immediately cease all unlawful conduct as described herein and to properly administer the UPA (2) providing all ancillary and incidental monetary relief required pursuant to the injunction.

8.  Restitution and disgorgement of all ill-gotten gains, including principal and related interest, to the public and/or claimants in the form of an order requiring Defendant to refund the property taken from Plaintiffs and other injured Class Members that Defendant obtained by engaging in the conduct that violates the UPA, Arizona and Federal Constitutions;

9.  For an accounting;

1      10.    For creation of a common fund;

2      11.    For a reasonable sum of attorneys' fees pursuant to the "common fund

3 doctrine," "private attorney general doctrine," 42 U.S.C. § 1988, and other laws, as

4 incurred by Plaintiffs in connection with this action;

5      12.    For appointment of undersigned counsel as class counsel;

6      13.    For an order certifying the proposed class under Federal Rule of Civil

7 Procedure 23(b)(1)(A), 23(b)(2), and/or 23(b)(3);

8      14.    For all costs incurred by Plaintiffs in connection with this action; and

9      15.    For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

RESPECTFULLY SUBMITTED this 4th day of August, 2022.



By: */s/ William M. Fischbach*
     William M. Fischbach
     Seventh Floor Camelback Esplanade II
     2525 East Camelback Road
     Phoenix, Arizona 85016-4237
     ***Attorney for Plaintiffs***