Emily Ward (No. 029963)
FENNEMORE CRAIG, P.C.
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: eward@fennemorelaw.com

Shaun M. Snyder (*pro hac vice forthcoming*)
NATIONAL ASSOCIATION OF STATE TREASURERS
1201 Pennsylvania Ave. NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 630-0810
Email: Shaun@statetreasurers.org

*Attorneys for Amicus Curiae*
*National Association of Unclaimed Property*
*Administrators*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Garza and Kevin Terrell, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Rob Woods, in his official capacity as Director of Arizona Department of Revenue; and William Nagel, in his official capacity as Unclaimed Property Administrator of Arizona Department of Revenue,<br><br>Defendants. | No. CV-22-01310-PHX-JJT<br><br>**MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Movant National Association of Unclaimed Property Administrators ("NAUPA") respectfully moves this Court for leave to participate as *amicus curiae* and file a brief in support of Defendants' forthcoming opposition to Plaintiffs' Motion for Preliminary Injunction due on June 2, 2023. As the foremost authority on unclaimed property administration, NAUPA's forthcoming amicus brief will provide this Court with insight into (1) why a preliminary injunction is not in the public interest, (2) why Plaintiffs are unlikely to succeed on the merits of their Due Process claims, and (3) why Plaintiffs'

requested relief would harm owners of unclaimed property.

NAUPA respectfully requests that the deadline for the proposed amicus brief be set for June 30, 2023. NAUPA understands that district courts frequently look to the 7-day timeframe in Federal Rule of Civil Appellate Procedure 29(a)(6) for amicus brief submissions. Here, however, NAUPA's parent organization, the National Association of State Treasurers ("NAST"), has a large symposium from June 12 through 15, 2023 for its members, including NAUPA's leadership and subject matter experts, which hinders NAUPA's ability to thoughtfully and carefully prepare and submit a proposed amicus brief before June 30, 2023.

Undersigned counsel conferred with Will Fischbach, counsel for Plaintiffs Jessica Garza and Kevin Terrell, and he communicated that Plaintiffs do not consent to an amicus brief from NAUPA either before or on June 30, 2023. Defendants Rob Woods and William Nagel, however, do consent to NAUPA filing an amicus brief on June 30, as communicated by counsel Hannah Porter.

**ARGUMENT**

Federal district courts possess the inherent authority to accept amicus briefs. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (2d Cir. 1982); *see also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amici "often make useful contributions to litigation").

"There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court." *City of Columbus v. Trump*, 453 F. Supp. 3d 770, 785 (D. Md. 2020). "District courts therefore have discretion to deny or grant such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level." Under that Rule, the factors relevant to the determination of whether amicus briefing should be allowed

include whether the proffered information is "timely and useful" or otherwise necessary to the administration of justice. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). In general, courts allow amicus at the district court level "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063–64 (7th Cir. 1997).

### A. NAUPA's Identity and Interests.

NAUPA is the leading authority on unclaimed property with membership consisting of all 50 States, the District of Columbia, the Commonwealth of Puerto Rico, several Canadian provinces, and Kenya. *See Who We Are*, NAUPA (last accessed May 24, 2023), https://unclaimed.org/who-we-are/. NAUPA is a network of the National Association of State Treasurers, and its purpose is to provide leadership and support to create a sustainable cycle of unclaimed property returns. *Id.* NAUPA achieves this objective by providing education and resources for businesses to efficiently report unclaimed property to NAUPA members and for citizens to quickly and easily make claims for the same. *Id.* In addition, NAUPA facilitates collaboration among the government administrators of its members. *Id.* In doing so, NAUPA promotes the success of a beneficial program that returns billions of dollars in unclaimed property to its owners each year. *Id.*

### B. NAUPA's Amicus Brief Will Be Useful and Relevant to Disposition of Plaintiffs' Motion for Preliminary Injunction.

The Court should grant NAUPA leave to file an amicus brief because it is uniquely situated to provide information and perspective that would help the Court consider the issues raised in Plaintiffs' Motion for Preliminary Injunction [Doc. 27] and Defendants' forthcoming opposition to the same. NAUPA is prepared to brief the Court on why Plaintiffs are unlikely to succeed on the merits and why their requested preliminary injunction is not in the public interest. NAUPA will also provide context and background on the purposes of the unclaimed property laws, explain how enjoining Arizona's unclaimed property program would harm owners of unclaimed property, and distinguish facts

1  underlying the above-captioned matter from those at issue in *Taylor v. Westly*, 488 F.3d 1197 (9th Cir. 2007).

### C. NAUPA's Proposed Filing Deadline is Timely.

There is no district court deadline for filing by an amicus curiae. In light of the absence of any rule governing the deadline, courts consider referring to Federal Rule of Civil Appellate Procedure 29(a)(6), which provides that an amicus curiae must seek leave to file an amicus brief "no later than 7 days after the principal brief of the party being supported is filed." Under that deadline, NAUPA's proposed amicus brief would be due June 9, which is 7 days after Defendants' June 2 deadline to respond to Plaintiffs' Motion.

NAUPA requests that the Court set a June 30, 2023 deadline for NAUPA's proposed amicus brief to accommodate NAUPA's participation in NAST's Treasury Management Symposium that is scheduled for June 12 through 15, 2023. *See* Declaration of Jeremy Dawson ¶ 3. The Symposium is the largest annual event for NAUPA and NAST. *Id.* ¶ 4. This year, over 650 people are registered to attend education, meetings, awards, and networking functions at the Symposium. *Id.* ¶ 5. The Symposium also serves as NAUPA's annual conference and necessitates the attendance and focus of NAUPA's leadership and subject matter experts. *Id.* NAUPA's leadership has been working for months to prepare for the Symposium, which has put a considerable strain on its members' ability to assist with preparing the proposed amicus brief until after the Symposium's conclusion. *Id.* ¶ 6.

This proposed deadline is reasonable as it is only 3 weeks after the suggested deadline under Federal Rule of Civil Appellate Procedure 29(a)(6) and after the parties' briefing has concluded. It will not delay or interfere with the Court's consideration of the issues raised in the Motion for Preliminary Injunction. This Court has not yet set oral argument (as expressly requested by Plaintiffs) or otherwise scheduled any evidentiary hearing.

## II. CONCLUSION

NAUPA respectfully requests leave to submit an amicus brief in support of Defendants' forthcoming opposition to Plaintiffs' Motion for Preliminary Injunction by

June 30, 2023. In the event that the Court permits NAUPA to file an amicus brief, but disagrees with NAUPA's requested June 30 deadline, NAUPA respectfully requests that the Court specify an earlier deadline for NAUPA's amicus brief.

DATED this 30th day of May, 2023.

FENNEMORE CRAIG, P.C.


By: s/ *Emily Ward*
Emily Ward
*Attorneys for Amicus Curiae*
*National Association of Unclaimed*
*Property Administrators*

29257007